IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01570-RBJ-KMT

AIR METHODS CORPORATION,

    Plaintiff,

v.

OPEIU and
OPEIU LOCAL 109,

    Defendants.

---

## ORDER

---

This matter is before the Court on defendants' motion to hold plaintiff in contempt for its failure to comply with the Court's order of September 28, 2012 and Final Judgment. The motion became ripe upon the filing of defendants' reply on July 27, 2015. The Court apologizes for its delay in addressing the motion. Although the Court does not find plaintiff to be in contempt, it issues clear directions to the plaintiff with fair warning that its failure immediately to comply will result in contempt sanctions.

**BACKGROUND**

I will not recite in detail the facts which were fully set for in this Court's order of September 28, 2012, ECF No. 36, and the decision of the Tenth Circuit affirming that order and judgment. *Air Methods Corporation v. OPEIU,* 737 F.3d 660 (10th Cir. 2013). Briefly, an individual named Jeff Stackpole was a helicopter pilot employed by Air Methods. During a flight he permitted a trainee who accompanied him but who was not yet certified to fly that

helicopter to take the controls.[1]  While the trainee was landing the helicopter an accident occurred in which the helicopter sustained substantial damage.  Air Methods then terminated Stackpole.  The union to which Stackpole belonged filed a grievance challenging the termination.  At the conclusion of an arbitration of the dispute, the arbitrator determined that a disciplinary suspension of six months without pay was warranted but termination was not.  Specifically, the arbitrator concluded:

> The Company lacked just cause to terminate the Grievant for his conduct on April 29, 2010.  *The Grievant must therefore be promptly offered reinstatement to his former position.*  In addition, and whether or not he accepts reinstatement, the Grievant shall be made whole for all net losses incurred from October 29, 2010, six months after his termination, to the date he is offered reinstatement if he declines, or the reasonable date fixed for his return to his former position if he accepts.

ECF No. 29-1 at 39 (emphasis added).

Air Methods then filed this lawsuit, asking the Court to vacate the arbitrator's award.  Defendants counterclaimed, seeking an order affirming the arbitration award and ordering Air Methods to comply with it.  Air Methods moved for a summary judgment vacating the arbitration award.  ECF No. 29.  Defendants cross-moved for a summary judgment dismissing the complaint and ordering Air Methods to comply with the arbitration award.  ECF No. 30.  This Court denied Air Methods' motion and granted defendants' motion.  ECF No. 36.  Final Judgment was entered accordingly.  ECF No. 37.  This Court's order and judgment were affirmed on appeal.  *Air Methods,* 737 F.3d 660.  Air Methods' petition for a writ of certiorari to the United States Supreme Court was denied on May 19, 2014.  134 S. Ct. 2295.

Defendants' motion to hold Air Methods in contempt reports that Air Methods has refused to offer Mr. Stackpole reinstatement to his former position as a pilot with flying duties.

---

[1] The practice of allowing an uncertified trainee to take the controls so long as no paying customers were on board apparently was permitted by the previous owner of the company, and Stackpole said that he thought that this was still allowed.

ECF No. 52 at 1.  *See* ECF No. 48.  Air Methods responds that (1) the arbitrator's award did not specify "with flying duties;" (2) this Court's order did not require Air Methods to take any particular action; it simply granted the union's motion for summary judgment; (3) there is no requirement that a pilot be assigned flying duties; and (4) Air Methods has offered to reinstate Mr. Stackpole as a full-time pilot without flight duties, which he rejected.  ECF No. 56.

## CONCLUSIONS

I agree that the arbitrator did not specify "with flying duties" in so many words.  However, this was implicit in his order that Mr. Stackpole "must therefore be promptly offered reinstatement to his former position."  ECF No. 29-1 at 39.  Mr. Stackpole's former position was a full-time pilot who flew helicopters.  If there were any doubt about the arbitrator's intent, it was resolved when the parties returned to the arbitrator on April 23, 2015 for a hearing concerning the amount of Mr. Stackpole's economic losses to that date.  During the hearing the issue of whether reinstatement to his former position included flight duties.  Although the arbitrator concluded that he did not have authority to change the wording of his previous order (reinstatement to his former position) which was now the "law of the case," he indicated that "to me that is a flying position."  ECF No. 52-1 at 30 (page 135 of transcript).

Similarly, this Court's order affirming the arbitrator's award did not, in so many words, order Air Methods to reinstate Mr. Stackpole with flying duties.  However, in granting defendants' motion for summary judgment it implicitly granted the relief requested by defendants in that motion – affirmance of the arbitration award and an order that Air Methods comply with it.  That means reinstatement of Mr. Stackpole to his former position.  His former position included flight duties.

Air Methods argues that full-time pilots have many duties, and that there is no requirement in the Collective Bargaining Agreement that these include flying duties. Air Methods cites the 2006, 2011 and 2014 versions of the CBA, each of which provides that "A full-time Pilot is a Pilot who is assigned to a regular work schedule at a specific base or program." *E.g.,* ECF No. 53-2 at 23. The argument misses the point. The arbitrator ordered that Mr. Stackpole be reinstated to his former position. His former position was as a helicopter pilot with flight duties. Offering him the title and the compensation without flight duties does not comply.

Finally, although this is not emphasized in Air Methods' response brief, I note that when Air Methods' counsel responded to the request that Mr. Stackpole be reinstated with flight duties, he noted the company's duty to provide flight services "with the highest degree of safety." ECF No. 52-1 at 15 (March 11, 2015 letter of attorney Matthew M. Morrison). The letter continues that Air Methods "will not ignore its responsibility to operate flights safely, or employ pilots – like Mr. Stackpole – that it has deemed unfit to fly." *Id.* The problem is, there is nothing in the record of this case that suggests that Mr. Stackpole is unfit to fly or that his flying would pose a safety risk to himself or others. He made a mistake when he permitted a trainee (who had flown different helicopters in Iraq but had not completed certification requirements on Air Methods' helicopter) to take the controls, and he deserved to be disciplined for that mistake. That does not establish that Mr. Stackpole is unfit to fly. Indeed, this Court rejected the "public safety" argument when Air Methods asserted it in its summary judgment motion, ECF No. 36 at 12, as did the Tenth Circuit. *Air Methods,* 737 F.3d at 669.

To say that Air Methods has accepted the arbitration decision "kicking and screaming" is an understatement. Air Methods through counsel parses words and invents excuses to avoid

4

what it knew or should have known was the intent of the arbitrator and this Court. Nevertheless, because neither the arbitrator nor this Court had the foresight to make explicit what we thought was implicit, I am hesitant to find Air Methods in contempt of court.

However, so that there can be no mistake henceforth, I now make this Court's order as clear and explicit as I can make it. Air Methods is ordered immediately to reinstate Mr. Stackpole to his former position, including flight duties. Air Methods may not comply by, for example, sending him up on one flight or a handful of flights and calling it good. He is to be restored to a position commensurate with the position he held before the April 29, 2010 incident. This means that the quality and quantity of his flight duties shall be equal to the quality and quantity of the flight portion of the duties that he performed before the incident. Further, he shall be provided the full measure of compensation and benefits that he would have received had he been reinstated to his former position at the conclusion of his suspension, again as ordered by the arbitrator. However, the Court will not tolerate any efforts to evade or avoid compliance with this order.

## ORDER

Defendants' motion to hold Air Methods in contempt, ECF No. 52, is denied. However, as indicated above, the Court expects full, complete and good faith compliance with the letter and spirit of this order.

DATED this 30th day of October, 2015.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge